UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Quantell Wilson, #293585, | ) C/A No. 3:10-2887-RMG-JRM |
| Plaintiff, | ) |
| vs. | ) |
| | ) REPORT AND |
| | ) RECOMMENDATION |
| SCDC Ozmint; Major Kenneth Sharpe; | ) |
| Ofc. Christopher Kolb; Capt. Angela Brown; | ) |
| Warden Gregory T. Knowlin; Capt. Richard Chivila, | ) |
| Defendants. | ) |

The plaintiff, Quantell Wilson ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Turbeville Correctional Institution, a facility of the South Carolina Department of Corrections ("SCDC"), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names as Defendants correctional officers and the former Director of SCDC.[2] Plaintiff claims emotional distress, slander, and defamation based on his "wrongful" disciplinary conviction. He also claims cruel and unusual punishment by being placed in restricted confinement in a special management unit ("SMU") for disciplinary detention. Plaintiff seeks monetary damages, as well as reinstatement of the privileges taken as a result of his disciplinary conviction. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d), DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."[3] 28 U.S.C. §1915(e)(2)(B).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), by holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976), *Hughes v. Rowe*, 449 U.S. 5 (1980) (*per curiam)*. A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. at 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never

---

[3] Review under 28 U.S.C. § 1915A(b) is subject to the same standard.

presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

## Background

The complaint indicates that during a search of Plaintiff's cell, as part of a routine shakedown on May 31, 2010, prescription medication for Plaintiff, with an expiration date of March 3, 2010, was found. Plaintiff was charged with a rules infraction for possession of drugs. Plaintiff was found guilty at a disciplinary hearing on June 15, 2010, and received loss of privileges as sanctions. Plaintiff reports that he lost privileges for property for 365 days, canteen for 365 days, telephone for 365 days, visits for 365 days, as well as receiving disciplinary detention for 45 days. Disciplinary detention includes being locked in a cell for 23 hours a day with restrictions on items in the cell and all activities. Plaintiff states he has severe back pain from sleeping on the "hard concrete" with a "flat mattress" while on disciplinary detention.

Plaintiff contends he was not hoarding medication, he was taking the antibiotic for "ingrown hair bumps on his chest" and "the computer" can verify that Plaintiff was authorized to have the medication. ECF No. 1 at 5. Plaintiff did not agree with the decision of the disciplinary hearing officer, and appealed that decision through the prisons administrative grievance system. Plaintiff indicates his appeal to the South Carolina Administrative Law Court was dismissed. The complaint seeks monetary damages for "mental and emotional injury when was on SMU for 45 days" and

3

"compensatory damages for the loss of privileges," as well as to reinstate the privileges taken for his "wrongful conviction."  ECF No. 1 at 8.

## Discussion

Plaintiff files this civil rights action pursuant to 42 U.S.C. § 1983.  A legal action under §1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).  The civil rights statute 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), *quoting Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).  The complaint fails to establish violation of a federal right.

Plaintiff claims violation of the Eighth Amendment for "cruel and unusual punishment" based on placement in disciplinary confinement for forty-five (45) days.  ECF No. 1 at 5.  "To demonstrate that conditions of confinement constitute cruel and unusual punishment, [an inmate] must (1) establish that prison officials acted with 'deliberate indifference' and (2) prove extreme deprivations of basic human needs or 'serious or significant' pain or injury." *Smith v. Ozmint*, 578 F.3d 246, 255 (4th Cir.2009) (quoting *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir.1996)).  Plaintiff's allegations fail to meet these criteria.  Not only does the complaint fail to allege deprivation to the required level of severity, but no basic human needs, such as food, shelter, or

medical needs, are alleged to have been deprived.  The complaint fails to establish violation of the Eighth Amendment.

Plaintiff also seeks "compensatory damages for the loss of privileges and quality of life in his prison living conditions, and loss of the liberty enjoyed by prisoners, resulting from his segregated confinement."  ECF No. 1 at 5.  In as much as the complaint can be construed to claim a violation of the Due Process Clause, prison inmates lack a liberty interest in prison classifications. *Hewitt v. Helms*, 459 U.S. 460, 467 (1983), *overruled in part* by *Sandin v. Conner*, 515 U.S. 472 (1995).  Prison regulations only create a liberty interest if they subject an inmate to "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. at 485-86.  Plaintiff's disciplinary confinement clearly did not exceed his sentence in such an extreme way as to give rise to "atypical and significant hardships."  *See Beverati v. Smith*, 120 F.3d 500 (4th Cir. 1997)(holding that administrative segregation for six months with vermin; human waste; flooded toilet; unbearable heat; cold food; dirty clothing, linens, and bedding; longer periods in cell; no outside recreation; no educational or religious services; and less food was not so atypical as to impose significant hardship.).  Plaintiff's allegations fail to establish violation of a federal right, and thus, fail to state a claim under § 1983.

Similarly, Plaintiff's claims of emotional distress, slander, and defamation do not implicate violation of a federal right.  A § 1983 action may not be "based alone on a violation of state law or on a state tort."  *Clark v. Link*, 855 F.2d 156, 161 (4th Cir. 1988).  A state law claim "does not become a constitutional violation merely because the victim is a prisoner."  *See Estelle v. Gamble*, 429 US 97, 106 (1976).  A tort claim based on state law does not rise to the level of a constitutional deprivation.  *See Daniels v. Williams*, 474 U.S. 327 (1986) (Fourteenth Amendment does not apply

5

to breach of duty of care). The Plaintiff's allegations concerning state law claims do not establish a claim for violation of a federal right as required under § 1983. Although state law claims can be considered by a federal district court in conjunction with a federal law claim through the exercise of "supplemental jurisdiction," such state claims are required to be "so related" to the federal claim "that they form part of the same case or controversy." 28 U.S.C. § 1367(a); *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 387 (1998). Plaintiff's federal claim pursuant to § 1983 in this case fails, so the state claims should not be considered under supplemental jurisdiction. Federal courts are permitted to decline supplemental jurisdiction pursuant to § 1367(c)(3), if "the district court has dismissed all claims over which it has original jurisdiction." Thus, this Court should dismiss the § 1983 action for failure to state a claim upon which relief may be granted; and decline to exercise supplemental jurisdiction over Plaintiff's state law claims under § 1367(c)(3).

## Recommendation

Accordingly, it is recommended that the District Judge dismiss the complaint *without prejudice* and without issuance and service of process. **The plaintiff's attention is directed to the notice on the following page.**

Joseph R. McCrorey
United States Magistrate Judge

March 16, 2011
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).