IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Quantell Wilson, | Civil Action No. 3:10cv-2887-RMG |
| Plaintiff, | |
| vs. | **ORDER** |
| SCDOC Ozmint, et. al., | |
| Defendants. | |

Plaintiff brought this action pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *in forma pauperis* as provided by 28 U.S.C. § 1915. As a result, this matter was referred to a Magistrate Judge for pre-trial proceedings. The Magistrate Judge has made a report and recommendation that this matter be dismissed without prejudice and without issuance of process. The Plaintiff has objected. After a *de novo* review, this Court adopts the recommendation of the Magistrate Judge.

**Analysis**

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and

1

Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

Plaintiff claims violation of the Eighth Amendment for "cruel and unusual punishment" based on placement in disciplinary confinement for forty-five (45) days. (Dkt. No. 1 at 5). "To demonstrate that conditions of confinement constitute cruel and unusual punishment, [an inmate] must (1) establish that prison officials acted with 'deliberate indifference' and (2) prove extreme deprivations of basic human needs or 'serious or significant' pain or injury." *Smith v. Ozmint*, 578 F.3d 246, 255 (4th Cir.2009) (quoting *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir.1996)). Plaintiff's allegations fail to meet these criteria. The complaint fails to allege deprivation to the required level of severity, but no basic human needs, such as food, shelter, or medical needs, are alleged to have been deprived. Thus, the complaint fails to establish violation of the Eighth Amendment.

Plaintiff also seeks "compensatory damages for the loss of privileges and quality of life in his prison living conditions, and loss of the liberty enjoyed by prisoners, resulting from his segregated confinement." (Dkt. No. 1 at 5). In as much as the complaint can be construed to claim a violation of the Due Process Clause, prison inmates lack a liberty interest in prison classifications. *Hewitt v. Helms*, 459 U.S. 460, 467 (1983), overruled in part by *Sandin v. Conner*, 515 U.S. 472 (1995). Prison regulations only create a liberty interest if they subject an inmate to "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. at 485-86. Plaintiff's disciplinary confinement clearly did not exceed his sentence in such an extreme way as to give rise to "atypical and significant

hardships." *See Beverati v. Smith*, 120 F.3d 500 (4th Cir. 1997) (holding that administrative segregation for six months with vermin; human waste; flooded toilet; unbearable heat; cold food; dirty clothing, linens, and bedding; longer periods in cell; no outside recreation; no educational or religious services; and less food was not so atypical as to impose significant hardship.). Plaintiff's allegations fail to establish violation of a federal right, and thus, fail to state a claim under § 1983.

Further, Plaintiff's claims of emotional distress, slander, and defamation do not implicate violation of a federal right. A § 1983 action may not be "based alone on a violation of state law or on a state tort." *Clark v. Link*, 855 F.2d 156, 161 (4th Cir. 1988). A state law claim "does not become a constitutional violation merely because the victim is a prisoner." *See Estelle v. Gamble*, 429 US 97, 106 (1976). Thus, the Plaintiff's allegations concerning state law claims do not establish a claim for violation of a federal right as required under § 1983 and must be dismissed.

## Conclusion

Based on the above, this Court dismisses the above-captioned action without prejudice and without issuance of process.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

April 6, 2011
Charleston, South Carolina